Isaac Doolittle *et al. v.* William Gookin *et al.*

*(In Chancery.)*

If a cause in chancery be set down, by the orator, for a hearing on bill and answer, the answer will be taken as true, and if the orator is still entitled to a decree, notwithstanding all the allegations contained in the answer, he must, nevertheless, take his decree, subject to the exceptions . claimed by the answer.

Whether the orator has consented to the prosecuting of the bill, is a matter resting between himself and the solicitor, and is not a matter into which the court will inquire, at the suggestion of the respondent.

If the respondent claim, in his answer to a bill of foreclosure, a payment to a third person, this must be allowed, unless the orator traverse the answer in that particular.

The orator may, by supplemental bill, make this person a party to the cause, and require the respondents to interplead, and thus have the rights of all concerned finally adjusted. If he do not, he will be liable to contest the matter anew with the person not a party to the suit.

The facts in the case are stated in the opinion of the court, delivered by

Redfield, Chancellor.—This was a bill of foreclosure. The respondents filed their answer within the rule, and the orators set down the case for hearing, on bill and answer.

1. The answer claimed, and so alleged, that one fifth part of said mortgage had been assigned to Robert Temple, in his lifetime, and by the respondents paid to his administrators, since his decease.

2. That the land mortgaged was misdescribed in the orators' bill, i. e. that the clause "home lot" should be *house* lot, which would make the land less by some acres than as at present described.

3. That this bill was prosecuted without the knowledge or consent of all the orators named, and that if they were all present they would order the bill dismissed.

In regard to the last exception, it is one of those matters resting between attorney or solicitor and client, with which the court never interfere, at the suggestion of the respondent. Whether a majority of the orators would be in favor of dismissing the bill, is a matter which can only be determined by their dismissing the bill, and until they do so, while the cause continues to be prosecuted by a sworn solicitor of the court, we cannot presume that he does this without sufficient warrant.

RUTLAND,
January,
1838.

Doolittle *et al.*
*v.*
Gookin *et al.*

In regard to the second ground of defence, as the orators have seen fit to set down the case for hearing, on bill and answer, the facts alleged in the answer must be taken to be true, and if the orators take their decree, they must take it with the qualification claimed in the answer, so far as the description is concerned.

The same is true as to the first ground of defence. It must prevail to the extent claimed, unless the orators see fit to traverse the answer in that particular. They will still be liable to contest the question of payment with the administrators of Temple, unless they make them parties to the cause, by supplemental bill, and require the respondents to interplead, and thus let the matter be fully determined, as to all interested.

Decree accordingly.

*S. Foot*, solicitor for orator.

*Merrill & Ormsbee*, and *P. Smith*, solicitors for defendants.