FRANCIS SLASON *v.* SIMEON WRIGHT and REUBEN R. THRALL.

(*In Chancery.*)

</div>

When an answer alleges facts constituting a full defence, but not responsive to the bill, and the answer is not traversed, the bill must be dismissed.

A cross bill, in our practice, is considered as a mere dependency upon the original bill.

THIS was an appeal from a decree of the court of chancery dismissing the orator's bill.

RUTLAND,
*February,*
1842.

Slason
*v.*
Wright *et al.*

The orator's bill was brought in common form to foreclose a mortgage executed to the orator by the defendant, Wright, who answered the bill, and, in his answer, set forth facts constituting a full defence, upon the merits, but these facts were not responsive to the bill. The answer was not traversed.

The defendant, Wright, filed a cross bill, which he subsequently withdrew, by contract with the orator ; but the contract did not include the withdrawal of the answer of Wright.

The defendant, Thrall, also filed a cross bill, setting forth matter of defence and claiming a discovery, &c.; but this cross bill did not seek to enforce any distinct claim against the orator. The orator filed replications to the cross bills of the defendants.

As the case was decided in this court upon a point not involving the merits of the controversy, it becomes unnecessary to state any other facts than those above stated, and such as appear from the opinion of the court.

After argument by *E. A. Ormsbee* for orators, and *R. R. Thrall* for defendants ;

The opinion of the court was delivered by

REDFIELD, J.—The orator's bill is one for foreclosure in the usual form.

The defendant, Wright, (the mortgagor) answers, alleging facts which make a full defence, upon the merits of the bill. This defence, it is true, is not responsive to the bill, and had the answer been traversed, must have been proved by defendant, or it could not have availed the party. But this answer, not being traversed, and the case set down for hearing, on bill and answer, all the facts alleged in the answer must be taken as true. This being the case, the orator cannot expect to prevail on the bill. It is true the defendant, Wright, filed a cross bill, which he subsequently, by contract with the orator, dismissed, but his stipulation did not extend to withdrawing his answer to the original bill. The replication to the cross bill of Thrall in the case, or to that of Wright, has been referred to as equivalent to a traverse of the defendant's answer ; but the court cannot so consider it. It is not in form, nor in substance, a traverse of the answer—it has no reference to the answer whatever and cannot be so regarded, without

manifest violence to all rules of practice in courts of chancery, as well as all rational interpretation. The original bill was then correctly dismissed.

This disposes of the whole case. For as Thralls cross bill was matter of defence, like an answer or a plea, it must fall with the case. This cross bill is not made the ground of any distinct claim; not even a bill to redeem. It is strictly defensive to the principal bill, claiming a discovery, &c. It is true, that in England, cross bills have sometimes been entertained in a different court from that in which the principal bill was filed. Story, Eq. Pl. 318. But, in our practice, the coss bill has been considered a dependency, merely, upon the principal bill. It is so considered in the United States courts. Eq. Pl. by Story, *ubi supra.*

Decree of the chancellor affirmed with costs.