Stiles *v.* Brown.

plaintiff had married a witness for the defendant after she had been subpœnaed, yet the court refused to allow her to be examined. Even *in an action by the husband and wife, in right of the wife as exec-utrix, her declarations are not admissible.* *Alban et al.* v. *Pritchell,* 6 T. R.: 680. So when wages had been earned by the wife, it was held that her admission of the receipt of a given sum was not evi-dence against the husband. *Hill* v. *Hill,* Str. 1094. See, also, *Turner et ux.* v. *Coe et al.,* 5 Conn. 93.

---

DANFORTH W. STILES *v.* MILTON BROWN.

The delivery of a deed, or other writing, is as necessary to its validity as its execution ; and it only takes effect from its delivery.

Notwithstanding a deed may have been duly executed, acknowledged and recorded, according to the requisitions of the statute, yet if it were deposit-ed with a third person, to be delivered to the grantee only upon the per-formance of certain conditions, which conditions have not been complied with, the deed cannot be received in evidence.

Stiles *v.* Brown.

ASSUMPSIT, brought to recover damages for the non-performance of a contract, entered into by the defendant, to deliver to the plaintiff the possession of a piece of land, which the plaintiff alleged the defendant had conveyed to him, and for not delivering on said premises a quantity of manure, sold by the defendant to the plaintiff. Plea the general issue, and trial by the court.

The plaintiff, to support the issue upon his part, offered in evidence the contract declared upon, to the admission of which the defendant objected, unless the plaintiff should show a delivery of it to him by the defendant. The court decided that the delivery must be proved; to which the plaintiff excepted.

The plaintiff then introduced one Rice as a witness, from whose testimony it appeared that the contract declared upon, together with a deed mentioned in said contract, duly executed by the defendant, acknowledged, and recorded, and conveying certain premises to the plaintiff, together with a note for the consideration of the deed, signed by the plaintiff, were deposited with him by the parties, and that said deed and contract were, by the agreement of the parties, to be delivered by the witness to the plaintiff, provided he called for them within two weeks; and that the plaintiff did not call for them within that time.

The plaintiff then offered said deed in evidence, which was objected to by the defendant, on the ground that the testimony showed that there had been no delivery of it;—the court excluded the deed; to which the plaintiff also excepted.

The court rendered judgment for the defendant.

*O. H. Smith* for plaintiff.

It is insisted that the court below erred in excluding the deed offered in evidence by the plaintiff. It is well settled, that a deed, containing all the statute requisitions as to witnessing, acknowledgement, and recording, is admissible, without further proof. 2 Aik. 329.

*Vail* and *Upham* for defendant.

The deed was delivered to Rice as an *escrow*, to be kept by him, and to be delivered to the plaintiff, "if called for within two weeks;" otherwise the contract, with which the deed was connected, was at

an end. Unless the plaintiff called within the time, and the deed was delivered to him, the premises did not pass, but remained in the grantor, the defendant. The county court therefore properly excluded the deed.

The opinion of the court was delivered by

HEBARD, J. The only question raised by the excepting party is in relation to the decision of the court in excluding a certain deed offered by the plaintiff. The action is assumpsit, brought to recover damages for the non-performance of a contract in writing, entered into by the defendant for the delivery of the possession of a piece of land, which the plaintiff alledged that the defendant had conveyed to him, and for not leaving on the premises a quantity of manure that the plaintiff alledged that the defendant had sold to him.

By the facts detailed in the bill of exceptions, the main question on the trial in the county court was in relation to this written contract, and principally in relation to the manner in which the plaintiff became possessed of it. The case finds that the deed of the land, and the note for the purchase of the same, together with this contract, were all deposited with a third person, to be by him delivered upon certain conditions. And the case also finds that those conditions were not complied with. The deed appears to have been duly executed and recorded, and the plaintiff offered the deed in evidence, but the defendant objected to it, on the ground that it had not been delivered.

The delivery of a deed, or other writing, is as necessary to its validity as its execution, and it only takes effect from its delivery; and before this deed or contract could have any efficacy, or create any liability upon the defendant, there must have been a delivery. The mode of trial sometimes changes the mode of proof. If the issue in this case had been tried by a jury, and this testimony in relation to the delivery of the papers was to have been passed upon by the jury, perhaps the only way would have been to have admitted the deed and contract, and let them go to the jury together, to be disposed of under the charge of the court, as they should find the other facts. But when the issue is tried by the court, and the facts are found by the court, instead of the jury, this necessity does not

exist. The facts having been heard by the court, in relation to the delivery, the court could as understandingly dispose of the question about the deed, without receiving it, as by receiving it. If the deed and contract were never delivered, so that the plaintiff, by the terms and conditions attached to them, had no right to their possession, they would not avail him; and thus, by rejecting the papers, the court virtually passed upon the plaintiff's right of action. All this the court did decide, and, however much they erred in judgment upon the facts, that cannot be assigned as error in law.

Judgment affirmed.