REUBEN R. THRALL *v.* THE TOWN OF CHITTENDEN.

[IN CHANCERY.]

*Rule as to costs in chancery.*

Though the subject of costs in chancery is, as a general rule, within the discretion of the chancellor, yet this discretion is to be exercised in accordance with certain well established principles, among which are the following:

I. The prevailing party, as a general rule, prevails as to costs, as well as to the subject matter of the suit.

II. In a suit by a bill to redeem, brought against a mortgagee in possession, the mortgagee shall have his costs even though the prayer of the bill be granted, and though it be found, on the accounting, that the mortgage debt has been more than satisfied by the rents and profits.

The court of chancery is bound to decree costs in accordance with these rules, unless the case discloses reasons to the contrary; and whether such reasons are disclosed, or not, is always a proper subject of inquiry and adjudication by the supreme court on appeal.

APPEAL from the decree of the court of chancery. The facts in the case, the decree of the court below and the nature of the appeal are sufficiently set forth in the opinion of the court.

The Orator, *pro se.*

*E. Edgerton,* for the defendant.

BARRETT, J. This is an appeal from the decree of the chancellor. The orator, holding title to the premises in question, brought his bill to redeem.

Manley, the original owner, mortgaged the premises to Chaffee on the 19th of March, 1827. On the 23d of the same March, Bisbee attached the premises thus mortgaged on a writ in his favor against said Manley, and having obtained a judgment in said suit, in February, 1828, duly levied his execution on the same. In November, 1827, Manley conveyed by deed the equity of redemption to Chaffee, the mortgagee, who thereupon delivered up to Manley the notes that were secured by said mortgage, and took possession of said premises. Chaffee continued in possession to the 5th of .April, 1835, when, in consequence

of Manley becoming a town pauper, the town of Chittenden asserted a right to claim and hold the interest of Manley in the premises. Chaffee permitted the town to redeem the premises by paying him the sum due on his notes against Manley, at the time of their being surrendered to Manley as above stated, with the interest thereon accrued, and quit-claimed the premises to the town. The town on that day took possession of the premises, and held the same throughout the time covered by the accounting in this suit.

On the 20th of February, 1854, Bisbee conveyed the premises to the orator, in virtue of the title acquired by his aforesaid levy.

The bill does not set forth that the deed of Bisbee to Thrall was ever recorded, and Thrall, as a witness before the master, states that it never was recorded, and that it was probably lost on the occasion of a fire in Rutland. There is nothing in the case showing that the town of Chittenden ever had any notice or knowledge that the orator had, or claimed, any title to, or interest in the premises till this suit was brought.

The bill prays an account of the rents and profits, and offers to pay any sum that may be due the defendant town in virtue of having redeemed the Chaffee mortgage, and prays that upon the payment thereof, the orator may be let into the possession and the use and enjoyment of the premises.

The bill was taken as confessed, and a master was appointed who has taken the account, and upon the accounting, finds that the rents and profits have not only paid the town all its advance to Chaffee, but leaves the town accountable and liable to pay the orator the sum of five hundred and sixty-one dollars and sixty-four cents. A decree has been made accordingly, with costs. From this decree an appeal is taken by both parties.

It is obvious that the town can be charged with the rents and profits only from the time that it took possession of the premises. Indeed, this is not controverted by the orator. But the orator claims that the defendant is not entitled to be allowed for the payment made by the defendant to Chaffee. This is put on the ground that the case does not disclose that that sum was in fact due to Chaffee; but on the contrary, that it does show, by inference, that the rents and profits while Chaffee had possession, were suf-

ficient, if accounted for and applied, to reduce the sum due to a
much smaller amount.

The case comes to us on this point upon the statements in the
bill and the facts found and evidence reported by the master.
We know of no safer guide to a just result on this point than the
master's report, and taking that as a guide, we think there is no
occasion for disturbing the decree, so far as this matter is con-
cerned.

The bill concedes the fact that the defendant is entitled to be
allowed for what it paid Chaffee to redeem the estate from his
debt; and while it claims that the rents and profits have been
more than enough to repay that payment to Chaffee, it offers to
pay any deficiency which should be found to exist.

Inasmuch as the bill does not state or show any specific sums,
either paid or received by the town, the whole matter, on both
hands, of course stands upon the result of the accounting prayed
for and had under the bill.

The bill states that upon the deed of Chaffee to the town, and
as the consideration upon which the same was executed, the town
paid and satisfied to said Chaffee his said mortgage debt, which
then amounted to ——— dollars and cents, and thereby became
substituted in his place and with his rights and interest in and
to said premises.   After this statement in the bill, it would seem
to be too late for the orator on trial to claim and insist that the
whole of Chaffee's debt had been satisfied out of the rents and
profits while he was in possession, so that there was nothing
due that he had a right to claim, and that therefore the town
made a voluntary gratuity in what it paid Chaffee as in redemp-
tion of the place from his mortgage debt.

After the great lapse of time, during which the orator permit-
ted his claim and title to the property to slumber without notice,
or assertion thereof, we think it is altogether unwarrantable to
find from the statements in the bill, the mortgage deed, and the
payment made by the town, with the circumstances disclosed in
the case, that the sum paid by the town was not really due to
Chaffee on his mortgage debt.

As no exception was taken to the master's report in the court
of chancery, and the case was allowed to proceed to a decree

Thrall *v.* The Town of Chittenden.

there, upon the report and evidence returned by the master, we should not feel inclined to disturb the decree, predicated on that report, unless we were fully satisfied that error had intervened, in point of law, in thus making that decree. We see no occasion for finding that any error has been committed in this respect.

The orator also complains that the master has erred in his findings from the evidence, as to the amount of rents and profits which the defendant should be charged with in the accounting. As the evidence stands on paper, it would seem as if the master might have been justified, if, for some part of the time, he had found a larger annual value of the premises. But when it is considered how much the credit and weight of testimony is affected by the manner and appearance of witnesses on the stand, and under oral examination, it would hardly be safe for the court in this case to override the findings of the master, merely in view of the master's minutes of the testimony. In the absence of of any other showing, all presumptions are to be made in favor of the competency and integrity of the master in doing this service and these presumptions are by no means impeded, in the mind of the court by our acquaintance with the incumbent in this case,* as a citizen and a counsellor and solicitor in the courts of this State.

It is claimed for the defendant that the decree of the court of chancery, as to costs, is erroneous, and should be reversed.

It has often been said that where the decree is approved as to the subject matter of the suit, this court will not reverse the decree as to costs. As a general fact, in the usage of the court, this is true. But it can hardly be regarded as a rule of chancery law, or even of chancery practice.

It is said that the subject of costs is wholly within the *discretion* of the chancellor. In some sense this is so. But it does not mean that there are no principles or rules entering into and constituting a substantial practice of chancery law, by which the exercise of that discretion is to be directed and sometimes controlled. We understand, and so the books and cases abundantly show, that there are certain principles and rules, upon the subject of costs in chancery, which confer rights that the court are bound to recognize and secure to parties.

* Charles L. Williams, Esq., of Rutland.

It is a general rule in the nature of a principle, that the prevailing party, in a suit in chancery, shall prevail, as to costs, as well as to the subject matter of the suit, and this it is the duty of the court to enforce, unless the case discloses a reason why it should not be done. The discretion of the court is called into exercise only when the case discloses a show of reason, more or less strong, why costs should not be given to the prevailing party.

It is equally a rule of chancery law, that in a suit, by a bill to redeem, against a mortgagee in possession, the mortgagee shall have his costs, even though the prayer of the bill be granted and and even though it be found on accounting, that the mortgage debt has been more than satisfied out of the rents and profits. 2 Spence Eq. 669 ; 3 Daniels Ch. Prac. 1579–80, also 1586–7 and notes, (2d Ed.). This rule is also recognized in *Mott* v. *Harrington*, 15 Vt. 185 ; *Smith* v. *Blaisdell*, 17 Vt. 199.

The court is bound to decree according to this rule unless the case discloses reason why costs should be denied. to, or be paid by the mortgagee.

If the case should disclose no such reason, then it would be error for the court of chancery to decree either that he should go without, or that he should pay costs. It is equally a rule that if such reason do appear in the case, the court is to judge of its strength and cogency, and therein to exercise its discretion in adjudicating the matter of costs in the specific case. Under these views it seems quite clear to a majority of the court, who have heard this appeal, that nothing appears in the case to justify denying to the defendant the benefit of the primary rule on this subject.

As already remarked, it does not appear that the defendant had any knowledge of the orator's title to the premises, till this bill was brought. The defendant went into possession under the right acquired by the redemption of the Chaffee mortgage, and the attendant deed of quit claim, and by assuming the charge of Manley as a town pauper. This possession was held by the defendant only seven days less than fifteen years, when for the first time it was apprized of any outstanding right in the orator. This possession by the town was only a continuation of the pos-

session of Chaffee, which began on the 19th of November, 1827.
So that there had been a continuous possession of more than
twenty-two years by a mortgagee and his assigns, when the ora-
tor appeared as the owner of the equity of redemption. The
town, without controverting the orator's right as affected by this
long possession, permitted the bill to be taken as confessed, and
the accounting to proceed agreeably to the prayer of the bill. It
does not appear, that in any of the proceedings, the defendant
has done anything to impede the due progress of the accounting,
or more than was proper to self-protection against the claims
sought, in the accounting, to be sustained by the orator. It seems
that the only thing litigated by the town was the value of the
annual rents and profits. It was the defendant's right and duty
to do this to an extent sufficient to secure itself against improper
charges. We see no evidence that the defendant was unduly
active or persevering.

The result is, that the decree is affirmed as to the sums found
due from the defendant to the orator, and is reversed as to costs.
Four of the judges who have heard the cause concur that the
orator should not recover costs in the court of chancery, and
three of us think that the defendant should be allowed costs in
that court. The case is remanded that a decree may be made for
the orator for the sum found due, without costs. The orator
having failed in his appeal, and the defendant having prevailed
on the sole ground on which it has sought to disturb the decree,
the defendant is to be allowed costs in this court.