\* THOMAS MCDANIELS *v.* JACOB HARBOUR.

[IN CHANCERY.]

*Chancery.   Master's Report.*

It is not the province of the supreme court, nor court of chancery, to overrule or disregard the findings of a master to whom a case is referred, unless for evident mistake on his part, or evident corruption whereby he came to an unwarrantable conclusion as to the facts proved by the evidence that was before him.

THIS is a bill of foreclosure brought by the orator to foreclose the equity of redemption in a mortgage executed by the defendant on the 25th day of March, 1861.

The mortgage is not in the ordinary form, but is what is usually termed a sweeping mortgage.

The mortgage at the time of its execution was to secure the payment of a five hundred dollar note, the consideration of which is the principal matter in controversy.

On the one hand, the orator claims that the consideration of the five hundred dollar note was $200 paid down to the defendant, and money paid to the Stark Bank by taking up a $373.15 note.

---

.\* Heard February term, 1870.

The defendant claims that the consideration of the five hundred dollar note was to provide for the payment of a $448 note, called the Godfrey note, about to fall due at the Bank of Troy, upon which one Samuel L. Godfrey was an endorser, which note has been since paid by the defendant, Harbour.

The case was referred to a special master, to take the account of the amount due on the mortgage. The master made a special report setting forth the facts found by him, and all the evidence, *pro* and *con*, from which he found the facts. The master stated his finding upon the main question as follows:

From the whole evidence in the case before the master, both upon the first and second hearing and examination, the master fails to find 'that the said five hundred dollar mortgage note was given for and to cover the said note of four hundred and forty-eight dollars above described, or that the said five hundred dollar mortgage note was satisfied by the payment of the said four hundred and forty-eight dollar note.

The master submits the question to the honorable court of chancery, upon the evidence reported.

Now if the chancellor shall find from the testimony and evidence reported in the case that the claim of the orator upon the five hundred dollar mortgage note is not sufficiently made out and sustained, or that the evidence and proofs upon both sides establish the claim on the part of the defendant, that the said five hundred dollar mortgage note was given for and to cover the said note of four hundred and forty-eight dollars, then the master reports that the item in the orator's claim for the said five hundred dollar mortgage note, and the interest thereon, should be disallowed, and the amount thereof struck out of the orator's claim, as allowed by the master in his previous report.

No exceptions were filed to the master's report.

Upon the hearing on the pleadings and report at the June term, 1869, PROUT, Chancellor, it was ordered that the report be accepted and in all things confirmed, including the largest sum reported in favor of the petitioner, and an order was made as to payments, and in default thereof that defendant be foreclosed, &c., from which the defendant appealed.

*G. W. Harmon* and *A. Potter*, for the orator.

*A. P. Lyman*, for the defendant.

The opinion of the court was delivered by

BARRETT, J. If exceptions to the master's report had been filed (as by rule and usage should have been done, in order to raise questions as to the correctness of the findings upon the evidence before him,) it would not be the province of this court, nor of the court of chancery, to overrule or disregard his findings, unless for evident mistake on his part, or evident corruption whereby he had come to an unwarrantable conclusion as to the facts proved by the evidence that was before him. When the question of fact before him is to be determined by the preponderance of conflicting evidence *pro* and *con*, the court will not ordinarily overjudge the master as to such preponderance. See *Thrall* v. *Chittenden*, 31 Vt., 183. We waive the point taken by counsel for the orator in the argument on the omission to file exceptions to the master's report, and attribute such omission to the manner in which the master in the close of his report addressed it and the evidence to the court of chancery, and consider the subject the same as if such exception had been duly taken and filed. Thus considering it, we see no warrantable ground for acting upon a state of the case different from that presented by the master's report. In order for the defendant to prevail, as against the $500 in question, it was necessary to show thas it had become satisfied by the payment of the $448.

As he has failed to do this, the decree must be affirmed, and the cause remanded with a mandate accordingly.