WASHINGTON COUNTY, MAY TERM, 1885.

[Continued from page 496, *ante.*]

JERRY HARRIGAN *v.* DANIEL BACON.

[In Chancery.]

*Amendment of Bill. Discharge of Mortgage. Practice. Costs. Tender.*

1. Under very special circumstances the court will allow an amendment of the bill upon the hearing; thus, the orator brought his bill to compel the defendant, a mortgagor, to discharge his mortgage; the defendant answered that there was a small amount still due, and when paid that he would discharge it; the master found that there were due $21.71 when the suit was commenced; that a tender of $10.25 had been made; and that this, with the rents and profits of the mortgaged premises, which the defendant had taken, was sufficient to pay the mortgage debt; *Held,* that the orator, even on the hearing, was entitled to amend his bill into one to redeem.
2. Costs. Although the orator was compelled to amend his bill, he was allowed his costs, on the ground that he had substantially made a tender of what was due on the mortgage by offering to pay it, before he brought his bill to have it discharged.

BILL to have mortgage discharged. Heard, September Term, 1882. POWERS, Chancellor, decreed that the bill should be dismissed. The bill was dated August 30, 1881. The hearing before the master was July 25, 1882.

*Heath & Willard,* for the orator.

In a bill to remove the cloud which a mortgage creates, the account should be taken to the time of hearing. 17 Conn. 556; *Adams* v. *Brown,* 7 Cush. 220. The orator is entitled to amend his bill; also, to have the case ended in this court. 4 Desaus. Eq. 65, 474; 5 Wend. 638; 8 DeG. M. & G.

531; 1 DeG. J. & S. 204; 2 McCord Eq. 168; 3 P. Wms. 348; 2 Bland, 26; 23 Vt. 247; 47 Vt. 430; 1 Russ. 154.

*James N. Johnson,* for the defendant.

The opinion of the court was delivered by

TAFT, J. This case was heard upon bill, answer, replication, and master's report. The bill was brought to compel the defendant to discharge a mortgage. The orator alleges that the note secured by the mortgage has been paid. The defendant answers that there is a small amount still due, and that when paid he will discharge the mortgage. The report shows that $21.71 was due on the note at the time the bill was brought; that a tender of $10.25 had previously been made; and that the defendant had enjoyed the rents and profits of the mortgaged premises for the year 1881, and that if charged with them, the same with the tender were sufficient to pay the note. The prayer of the bill is, that the defendant be decreed to discharge the mortgage. Had the orator admitted that there was a sum still due, which he was willing to pay, there would be no difficulty in passing a decree for him in accordance with the prayer. He cannot have the relief sought upon the grounds alleged; but is clearly entitled to it under an allegation that the note had not been paid, with an offer to pay it. The question is, Shall the orator be permitted to amend his bill by inserting such an allegation? We think there is no objection to such an amendment, even upon the hearing. Judge STORY says, a court of equity, " even upon the hearing, having the whole case before it, and being embarrassed in its decision by defects in the pleadings, has permitted amendments, under very special circumstances." Eq. Pl. s. 905. The practice in this respect is further stated in s. 893 *a*, viz.:

" Where the plaintiff professes to have discovered from the testimony in the case, that he has not fully, or not properly stated his case, and therefore desires leave to amend by

making substantially a new case, after the replication filed, and the case is set down for hearing upon the merits, the courts of equity in England do not incline to allow the amendment, until after the hearing, when they will be able to know better, how far the amendment is indispensable to the ends of justice, and what terms, as to costs, will be requisite to indemnify the plaintiff."

And the Supreme Court of the United States has held that, "if the complainant appears to be entitled to relief the court will allow the bill to be amended, and, even if it be an appeal, will remand the case for this purpose." *Lewis* v. *Darling*, 16 How. 1. By an amendment, as suggested, the bill becomes one to redeem, and the ordinary rule is to allow the defendant his costs.

But we think it is evident that it was the defendant's fault that the amount due was not paid him at the time the orator's wife was at Northfield: she had the money to pay it, wanted to pay it; he knew this; he claimed more than was due him, would not give her any figures or statement of the amount due, so that she could pay it. She offered him the amount her counsel figured it at; although she showed no money, she had it with her, and he *declined* it. We think there was a substantial tender, and that the ordinary rule should not apply; but the orator be allowed his costs. The decree is reversed, and cause remanded with a mandate that, upon an amendment of the bill as herein indicated, it appearing by the report that the mortgage has now been fully satisfied, a decree be entered for the orator in accordance with the prayer of the bill.

Ross, J., was absent during the term.