C. W. H. DWINELL, EX'R, AND ANOTHER, *v.* G. W. B. BLISS.

[In Chancery.]

*Deed Declared Void. Delivery of Deed.*

1. Delivery is essential to give effect to a deed; but delivery depends on the grantor's intention, and intention is a fact to be found by the trier; thus, a recorded deed was declared void, where the master found that the grantor merely *left* it in the possession of the grantee, but that she never delivered the deed, *i. e.*, as an operative conveyance.
2. AMENDMENT. The orator was allowed to amend his bill, brought to set aside a deed, by adding to it as a cause the non-delivery of the deed.

BILL IN CHANCERY brought to set aside a deed. Heard on the pleadings and special master's report, March Term, 1885, POWERS, Chancellor. Decree *pro forma* that the bill be dismissed. The master reported and found that he commenced the hearing on July 23, 1881, in the lifetime of Louisa A. Bliss, one of the original orators; that after her testimony was taken she deceased; and C. W. H. Dwinell was appointed her executor and prosecuted the suit; that the bill was brought to set aside a deed executed by the said Louisa A. of a farm on which she lived; that defendant paid no consideration for the deed except his expense in getting it executed and recorded; that said Louisa A. was seventy-six years old, and quite feeble; that soon after the deed

was made she demanded a reconveyance; that she had made her will a number of times, changing it in some small particulars; that the deed was made December 22, 1879, and that on December 5, 1879, the said Louisa and the defendant had a talk about the former making a will; that " the defendant told her what she wanted to accomplish could be done cheaper some other way, and at the suggestion of the defendant he consulted counsel and procured the deed in question to be drawn.

" I find that the said Louisa A. Bliss did not know but that she could alter this deed, or writing, as she called it, at any time she wished, after it was executed and delivered, the same as she could a will, by making a new one; but I find that the defendant did know that this deed, if once executed and delivered, could not be altered without his consent, which fact he did not communicate to the said Louisa A. Bliss.

" I find that on the 22d day of December, A. D. 1879, the said Louisa A. Bliss did sign the deed in controversy, in the presence of the witnesses whose names appear on said deed, and acknowledged the same before one J. P. Carnes, a justice of the peace; that at the time she so signed and acknowledged said deed, she knew she was signing a paper in reference to her property, and she further knew said paper contained instructions as to what was to be done with her property after her decease; that although she was old and feeble, and often changed her mind as to details, still she understood the nature of the business she was engaged in, but did not know that in case she executed and delivered the deed, that it was not in her power to alter or change it without the consent of the defendant.

" I am satisfied and so find, that although the said Louisa A. Bliss left this deed in the possession of the defendant, at the time it was executed, that she did not deliver it to him as a deed at that time, or ever after, and that she expressly told him not to put the deed on record, and the first time after the deed was executed, that she saw the defendant, and before it was recorded, she called for it, and never consented to have the deed recorded."

The bill alleged, that the said Louisa was old, impaired in mind, easily influenced; that the defendant was constantly

Dwinell *v.* Bliss.

telling her that she would lose her farm; that she would become a pauper, etc.; that at the time the deed was executed the defendant misrepresented as to the nature of the instrument, telling her that it was only a paper; that defendant was a nephew of said Louisa, and that she was easily influenced by him; that said Louisa knew nothing of the contents of the deed; that the said Bliss procured the said Louisa A. to sign and execute said deed by taking advantage of her condition of mind and incapacity and weakness of intellect, and by the influences that he had acquired over her by reason of their relation to each other, and that she had confidence in him, and he well knew it, and he knew that he could influence her to do any act or thing he might wish."

*J. P. Lamson,* for the orators.

On the facts alleged and found by the master the orators are entitled to relief. *Tabor* v. *Cilley,* 53 Vt. 487; *Mann* v. *Betterly,* 21 Vt. 326; *Howard* v. *Edgell,* 17 Vt. 9; *Stiles* v. *Brown,* 16 Vt. 563; *Lindsay* v. *Lindsay,* 11 Vt. 621.

*A. J. Wing,* for the defendant.

Fraud is to be proved, and as the master has found no fraud or undue influence, the orators have failed on the issue joined, and the bill must be dismissed. *Thomas* v. *Warner,* 15 Vt. 110; *Barrett* v. *Sargent,* 18 Vt. 305.

The finding was simply that she was mistaken as to the legal effect of the paper she signed. She supposed she could change the deed she executed with all the formalities required by law. She understood its contents; and the only complaint is, she supposed she could change it at any time. There is no mistake of facts; the mistake was one of law and she was bound by the deed. The authorities are conclusive on this point. *Ins. Co.* v. *Hodgkins,* 66 Me. 109.

The defendant signed a note without reading it; *Held,* that it was not error for the court to instruct the jury, that

the signing without reading was his own folly and not the fraud of the agent.    35 La. An. 855; *Bentley* v. *McCoy*, 31 Bev. 143.

A deed can only be rectified on the ground of mistake, in case where the mistake is common to all parties.    1 Add. Con. s. 315.

Where the mistake is unilateral and the party by whom it was made is the sufferer, relief will not be granted, unless there has been some undue influence, misrepresentation, surprise, or abuse of confidence.    20 Reporter, 239; 3 Wait Act. & Def. 441; *Young* v. *Duvol*, 109 U. S. 573; *Trombly* v. *Recard*, 130 Mass. 259.

Where one has executed and delivered a deed to the grantee it is absolute, and is not to be altered by the fact that both parties supposed that the deed would not take effect until recorded, and might be revoked at any time before recorded.    *Henchleff* v. *Herman*, 18 Wis. 139; 85 Ind. 252.

There was a legal delivery of the deed.    *Howe* v. *Dewing*, 2 Gray, 476; *Ward* v. *Winslow*, 4 Pick. 518.    No formal delivery is necessary.    *Somerbye* v. *Alden*, 1 Johns. Ch. 230; 15 Wend. 345.

The opinion of the court was delivered by

Ross, J.    This is a bill to have a deed declared void and inoperative, given by the testatrix to the defendant.    The master has found, although the testatrix "left the deed in the possession of the defendant, at the time it was executed, that she did not deliver it to him as a deed at that time or ever after."    Says Mr. Washburn in vol. 3, 282 (4 ed.) of his work on Real Property: "That delivery is essential to give effect to a deed, authorities might be multiplied indefinitely." *Stiles* v. *Brown*, 16 Vt. 563, so holds.    Delivery may either be " actual, that is, by doing something and saying nothing, or verbal, that is, by saying something and doing nothing, or it may be by both."    2 Wash. Real Prop.

578. If the deed duly executed be lying on the table in the presence of the parties, and the grantor tells the grantee to take it, and he does so, that would be a verbal delivery of the deed. But if in such a case the grantor should take the deed and hand it to the grantee, and he should take it, though no word be spoken, that would be an actual delivery of the deed. So if the grantor throws the deed upon the table, intending the other party to take it, and he does so, it will be a delivery though nothing be said. If, however, the deed is laid upon the table without any such intention, and the grantee takes it up, it will not be a delivery. Wash. Real Prop. *supra.* Hence, the mere possession of the deed by the grantee, although, if nothing more is shown, a delivery will be presumed, does not determine that there has been a delivery of it. It depends upon whether such possession has been acquired with the intention of the grantor that he should receive it as an executed deed to take effect forthwith. The intention with which the grantor parted with the possession of the deed is a fact to be determined by the trier. If the grantee obtains or takes possession of the deed without the consent or intention of the grantor that he should receive it as an operative conveyance, it has no force as a deed. The master has found that this instrument was never delivered as a deed. Hence, it never became operative. The orator has not set forth this cause in her bill as a ground of relief. The orator cannot, therefore, have the deed declared void on this ground without amending his bill. The defendant wrongfully and against the express order of the testatrix, caused the deed to be recorded, so that the orator has need of the relief prayed for. We do not think that the master has found that the defendant was guilty of any fraud in procuring the deed. There was no attempt by the testatrix to deliver the deed to the defendant, upon conditions not expressed in the deed, nor as an escrow. Hence, the authorities on these subjects brought to our attention by the learned and diligent solicitor of the defendant need

not be considered. Whether the expression used by the master, "that she did not deliver it to him as a deed," means any more than that she left the instrument with the defendant accidentally, or as her instrument to be kept for her until some further action, need not be inquired into, inasmuch as he finds it was never delivered. The result is the *pro forma* decree of the Court of Chancery is reversed and the cause is remanded with leave to the orators to amend the bill by adding the cause of the non-delivery of the deed, and for the Court of Chancery then to render a decree for the orators declaring the deed null and void. The orators are to recover their costs in this court. The costs in the Court of Chancery are left in the discretion of that court.