# HIRAM HATHAWAY *v.* DANIEL HAGAN.

*Foreclosure of mortgage. Defendant may have decree for overpayment.*

Where, upon a petition to foreclose a mortgage, the master finds that, after deducting the usury embraced in the mortgage notes, the orator has been overpaid, the defendant may, upon the filing of a cross-bill, have decree for the amount of such overpayment.

Petition to foreclose a mortgage. After the coming in of the master's report, the defendant filed a cross-bill, to which the orator demurred. Heard upon demurrer at the March term, 1891, Washington county. Munson, chancellor, sustained the demurrer and dismissed the cross-bill. The defendants appeal. The opinion states the case.

*Dillingham & Huse* and *T. J. Deavitt,* for the orators.

A bill of foreclosure in Vermont simply extinguishes the defendant's equity in the premises. Any balance due either way must be recovered by a suit at law. *Lovell* v. *Leland,* 3 Vt. 581.

A cross-bill can only be maintained by the defendant in reference to some matter growing out of the original bill. 2 Dan. Ch. Pl. Pr., 1548 and note 1.

If overpayments have been made, the defendant has a full legal remedy to recover the excess. 2 Jones Mort. 1085 ; *Close* v. *Phillips,* 7 M. & G. 585 ; *Cazmor* v. *Cutler,* 4 Met. 246.

Relief will not be granted upon a cross-bill, unless the decree asked for be of that kind which the court would have power to make on an original proceeding. A mere decree for the payment of money due is not of that sort. 2 Dan. Ch. Pr., 1549, note 3 ; Story Eq. Pl. 398 and 629 ; Cooper Eq. Pl. 86; *Mc-Millen* v. *Richards,* 9 Cal. 419.

*John H. Senter* and *Wing & Fay,* for the defendants.

The court has power to permit any alteration of the pleadings which is necessary to terminate the controversy as in equity it should be. It might in this case properly allow the filing of a cross-bill, thereby giving the defendants the benefit of the final determination of the master in their favor. *Harrigan* v. *Bacon,* 57 Vt. 644; *Kopper* v. *Dyer,* 59 Vt. 477; *Rutland* v. *Paige,* 24 Vt. 181; *Slason* v. *Wright,* 14 Vt. 208.

The determination of the question as to what was due the defendants by reason of this transaction became *res judicata* by the decision of the master. *Regina* v. *Hartington,* 4 Ell. & Bl. 794; Big. Est. ss. 110, 111 and note; Freem. Judg. s. 256; Herman Est. and Res. Jud. s. 236; *Cromwell* v. *County of Sac.* 16 A. L. Reg. 721 and note and cases there cited; *Tams.* v. *Lewis,* 42 Pa. St. 410; *Babcock* v. *Camp,* 12 Ohio St. 37; *R. R. Co.* v. *Shults,* 103 U. S. 118, 143; *Bissell* v. *Kellogg,* 60 Barb. 617; *Wood* v. *Jackson,* 8 Wend. 9.

The Court of Chancery will not disregard the findings of a master. *McDaniels* v. *Harbour,* 43 Vt. 460; *Thrall* v. *Chittenden,* 31 Vt. 186.

A cross-bill is in the nature of a defence or of a proceeding to secure a complete determination of some matter which the orator has brought before the court. Hence a cross-bill itself need not show any ground of equitable jurisdiction. Equity having acquired jurisdiction in virtue of the orator's bill, will retain it until the matter is entirely disposed of. Adams Eq. 403; *Farquharson* v. *Seton,* 5 Russ. 45; *Cottingham* v. *Lord Shrewsbury,* 3 Hare 627; *Cartwright* v. *Clarke,* 4 Met. 104; *Nelson* v. *Dunn,* 15 Ala. 501; *Lambert* v. *Lambert,* 52 Me. 544; Sm. Ch. Pr. 460; *Kemp* v. *Mackrell,* 3 Atk. 812; *Shydell et al.* v. *Johnson et al.,* 25 N. E. Rep. 889; *Faught* v. *Faught,* 98 Ind, 470; Bisp. Eq. s. 37.

The opinion of the court was delivered by

TYLER, J. The orator brought his bill to foreclose a mortgage, claiming that its condition had been broken by the non-payment by the defendant of two of the notes described therein, and praying that the defendant's equity of redemption in the mortgaged premises might be terminated by a day to be fixed by the Chancellor.

The affidavit, which the defendant filed and which seems to have been treated in the case as an answer, merely states that there was but little if anything due upon the notes. The case was referred to the clerk as master to ascertain what sum, if any, was due the orator.

The burden was upon him to produce his notes and make proof of the defendant's indebtedness to him. The master found that in the year 1867 the orator sold and conveyed a farm to the defendant and took from him five promissory notes of $300 each and another note of $361, the latter written without interest, all of which were secured by a mortgage on the farm; that the defendant paid the interest annually on all the notes and the principal of two of them prior to January, 1874; that the orator having pressed the defendant for payment, on February 24th, 1874, the parties made a new arrangement by which the defendant executed and delivered to the orator new notes amounting to $1435, dated December 1st, 1873, in lieu of the former ones, and secured them by the mortgage in suit. The master found that the $361 was a part of the basis of the new notes and was without consideration, and that a note for $120.50, the consideration for which was a sleigh worth five dollars, which the orator compelled the defendant to purchase of him for $70, and $50.50 rent of and damages to a cow, was also a part of the basis of the new notes; that the orator took advantage of the defendant's straitened circumstances and obtained from him the note for $120.50 of which only eleven dollars was valid; that the arbitration only related to three and a half month's interest, though the

orator claimed that it covered all matters of difference between himself and the defendant.

The master submitted to the Chancellor the question whether upon the facts found he should allow these sums to the orator. The Chancellor made a decretal order holding that the $361 note was without consideration and should be disallowed, that the orator had wrongfully received interest on it and that the defendant should be allowed all sums that he had paid as interest thereon, and that all but the $11 of the $120.50 was without consideration and should be disallowed. Pursuant to this order, from which there was no appeal, the master disallowed the above sums in his computation and necessarily found, as a mathematical result, that nothing was due the orator, but on the contrary that the sum of $929.04 was due the defendant from the orator as overpayments on account of usury.

The master states on page 3 of the report that the dispute between the parties in this litigation was in relation to these two notes. The real question and in fact the only one for his determination (besides the question of arbitration) was as to the character of these two controverted notes. The right of the orator to have a sum found due him in equity depended upon the validity of the new mortgage notes. If they were valid the amount of the two remaining unpaid was due him. If the $361 and the $109.50, which formed part of the consideration of the orator's new notes, were usurious, then the defendant had largely overpaid his debt. The usury extinguished the last two notes and left a balance due the defendant.

The defendant claimed that he was entitled to recover the $929.04, and appealed from the decree dismissing the bill. The orator filed no exceptions to the master's report and did not appeal. In this court the defendant's counsel insisted, first, that the defendant was entitled to a decree; second, if the court should refuse to direct a decree, that then the defendant be permitted to file a cross-bill to enable him to recover the above

named sum. The court sustained the decree of the Chancellor upon the matter of the arbitration ; held that as to the $361 the case stood for disposition upon the facts reported ; that the finding was final as to the $109.50, and that it was usurious, and said that the result of its holding upon the points raised in the report was that the defendant had largely overpaid his mortgage debt. The cause was remanded with liberty to apply for leave to file a cross-bill, which leave the Court of Chancery subsequently granted. *Hathaway* v. *Hagan*, 59 Vt. 75.

The master was the instrument of the court to ascertain what sum, if any, was due the orator in equity. The orator was bound to make out his case at the hearing. The defendant claimed that usury was inherent in the second series of notes, and the master was obliged to determine that question to enable him to decide whether or not any sum was due the orator, and he did decide it under the direction of the Chancellor, and the inevitable result of that decision was that the sum named in the report was due the defendant.

A master's office is a branch of the court. *Stewart* v. *Turner*, 3 Edw. Ch. 458. One of the duties of a master is the more effectual working out of details, which the judge, sitting in court, is unable to investigate. Adams' Eq. 379. The Court of Equity will not disregard the findings of the master except upon very clear evidence that they are erroneous. *Richards* v. *Todd*, 127 Mass. 167. In this State it was held, before the enactment of our Practice Act, that the Court of Chancery, or the Supreme Court, will not overrule or disregard the findings of a master to whom it has been referred to take the accounts upon a mortgage, unless for evident mistake on his part or evident corruption. *Thrall* v. *Chittenden*, 31 Vt. 186 ; *McDaniels* v. *Harbour*, 43 Vt. 460. Barrett, J., said in *Rowan* v. *State Bank et als.*, 45 Vt. 195 : "It is firmly settled in this State that the master's report will be regarded as settling the facts which fall within his province to find, and which he reports as found, unless it appears

affirmatively that he has found facts without evidence, or against evidence." See also *Merrill* v. *Railroad Co.*, 54 Vt. 200, and *Waterman* v. *Buck*, 58 Vt. 519.

By Act. No. 17, Laws of 1878, regulating the practice in Courts of Chancery, it is provided that controverted questions in chancery cases may be tried, as to matters of fact, by masters appointed by the Court, and that their report, unless good cause be shown, shall when accepted be conclusive of all questions of fact in issue. R. L. 724, *et seq.* It is held that special masters appointed under this Act are substituted for the court in the finding of facts, and that their findings, upon legal evidence, are conclusive. *Randall* v. *Randall*, 55 Vt. 214.

The orator's counsel complain that the orator has never been placed in a situation where he could avail himself of the right to plead either the statute of limitations or other appropriate matter to the defendant's claim of overpayment. In *Warner* v. *Quinlon*, 50 Vt. 652, it was held that the established practice in foreclosure cases is, where the subject of inquiry and dispute is what is due, as depending on payments, or matter directly applicable to reduce the sum due, without affecting the validity of the mortgage as security, reference is to be made to the master in the first instance, and the subject is not to be litigated by answer, replication and proofs, as is done in other cases of ordinary equity cognizance and litigation. The action and decision of the court is to be had upon what is brought before the court as the result of such reference to the master, and not upon formal pleadings, and upon proofs addressed to the court in the first instance.

If it had so happened that the usury had only been of sufficient amount to reduce or even extinguish the sum due the orator upon his two notes, *Cross* v. *Mann*, 53 Vt. 501, would be full authority that the amount of the usury could have been applied as an equitable offset, without plea or answer. The only difference between that case and the one at bar is in the

fact that in the latter case the usury was of so large an amount that it not only extinguished the orator's notes but left a balance due the defendant.

If the defendant's claim against the orator had consisted of an account or other demand not growing out of the orator's notes it could not have been considered by the master, but here the usury was in the notes and affected the last ones to be paid, and on account of it the orator could not sustain those upon which he asked for a decree; hence the result arrived at by the master.

If the master has not determined the question of usury then he has settled nothing, and it is still an open question whether or not there is a sum due the orator in equity. We think it must be held that the master has determined these questions and that they are not again open to controversy upon the principal of *res judicata* although no judgment or decree has supervened. The fact that in the state of the pleadings the defendant could not have a decree is not a reason why the orator should be allowed to re-open those questions. A decree was not entered for the defendant because the pleadings did not warrant it, but the court permitted him to file a cross-bill and thus adapt his pleadings to the facts found.

The case of *Dwinell* v. *Bliss,* 58 Vt. 353, was remanded with leave to the orator to amend his bill to meet the facts developed at the hearing before the master, with directions to the Court of Chancery to enter a decree accordingly. In *Harrigan* v. *Bacon,* 57 Vt. 644, the orator brought a bill to compel the defendant, a mortgagor, to discharge his mortgage. The defendant answered that there was a small amount still his due, and the master so found. The court permitted the orator to amend his bill into one to redeem. See, also, *Kopper* v. *Dyer,* 59 Vt. 477. While these cases are not directly in point here, they show the disposition of the court to permit the pleadings

in a case to be shaped so as to meet the facts that have appeared at the trial, that equity may be done.

It is argued that when the balance was found due the defendant he should have been remitted to his remedy at law, and *McMillan* v. *Richards*, 9 Cal. 419, is cited as authority. The case is in point that there was an ample remedy at law, but under the practice in this State the defendant may have his remedy by cross-bill. The usury grew out of the transaction which resulted in the giving of the mortgage. Usury was inherent in the mortgage, and it was proper for the court to retain the case that justice might be done between the parties. The Court of Chancery, having obtained jurisdiction of a cause for one purpose, will retain it for all purposes. *Barnes* v. *Dow*, 59 Vt. 530. "A cross-bill must be based upon an equity growing out of the claim set up in the original bill, and, in our practice, is considered a dependency merely upon the principal bill. It is usually brought, either to obtain a necessary discovery of facts in aid of the defence of the original bill, or to obtain full relief to all parties touching the matters of the original bill. *Slason* v. *Wright*, 14 Vt. 208 ; *Rutland* v. *Paige*, 24 Vt. 181." When it appears that the suit is insufficient to bring before the court the rights of all the parties and the matters necessary to a just determination of the cause, the court sometimes in its discretion, will at the hearing before publication, direct a cross-bill. Adams' Eq. 402, note.

The defendant says in his answer to the cross-bill, that the master proceeded to investigate the question of usury against his protest; but obviously, in order to determine whether or not anything was due the orator, the master was obliged to meet and settle this question.

It is not claimed that the facts were found against evidence, or without evidence, or that there was any error in computation. No exceptions were taken to findings or report. The defendant in the cross-bill admits in his answer that by reason of the pro-

Hiram Hathaway *v.* Daniel Hagan.

ceedings had in the original cause he now claims nothing due him on the notes and mortgages and insists that there shall be a decree dismissing his original bill.    If such a decree could be made it would be because of the determination of the master, which as necessarily and conclusively establishes the fact that $929.04 was due the defendant in the original suit as that nothing was due the orator.

The facts as found stand upon the record, and the orator in the cross-bill is entitled to recover the sum found his due unless his right of recovery is affected by the statute of limitations or unless some fact has arisen since the filing of the master's report that dis-entitles him.

*Decree reversed and cause remanded with mandate.*