JOHN K. DYER *vs.* W. R. DEAN, et al.

January Term, 1897.

Present: ROSS, C. J., TAFT, ROWELL and TYLER, JJ.

*Demurrer in Answer Waived unless Brought Forward—Hearing on*
*Petition and Answer—Assignment to Wife of Mortgagor No Waiver.*

A demurrer incorporated in the answer is waived unless brought forward
for hearing before the cause is heard on petition and answer.

Where a cause is heard upon petition and answer, all matters of fact well
pleaded in the answer must be treated as true though not responsive and
though alleged upon belief only.

An assignment of the mortgage debt to the wife of the mortgagor does
not operate as a merger, though she have in the premises inchoate rights
of homestead and dower.

It is no defense for a second mortgagee that the transfer of the first
mortgage debt to the petitioner was by way of gift.

The answer alleged that the second mortgage was taken upon the
fraudulent representation of the mortgagor, that there was no prior
encumbrance and that the petitioner knew this fact when he acquired
title to the first mortgage. *Held*, no defense.

PETITION to foreclose a mortgage. Heard on petition and
answer at the June Term, 1896, Bennington County, *Start*,
Chancellor. Decree for · the petitioner. The defendant
Graves appealed.

The petition alleged that the defendant W. R. Dean and
his then wife, Minerva, executed the mortgage to one
Houghton and the same was duly recorded; that upon the
death of Houghton his heirs assigned the debt and
mortgage to Mary F. Dean, who was then the wife of W. R.
Dean, the mortgagor; that afterwards Mary F. Dean
assigned to the petitioner; that W. R. Dean had executed a
second mortgage to Colburn and Ames as trustees; that
both trustees had deceased and that the defendant Graves
had been appointed trustee in place of Ames and admin-
istrator upon the estate of Colburn. The case was heard

upon the petition and the answer of Graves. The material allegations of the answer, besides those which appear in the opinion, were the following: that W. R. Dean had executed the said mortgage to Colburn and Ames, trustees, to secure the payment of the amount due from him upon settlement of his account as trustee under the same trust, representing that there was no prior encumbrance upon the mortgaged premises; that Colburn and Ames in reliance upon the representation accepted the mortgage and neglected to take other available means to collect the debt until all other means had been lost; that Mary F. Dean and the petitioner knew all these facts when they received their respective assignments. The defendant insisted that the mortgage sought to be foreclosed should be postponed to his.

*F. C. Archibald* for the petitioner.

The defendant cannot avail himself of the fraudulent representations of the mortgagor. The second mortgagees were bound to know what the record disclosed.

There was no merger. Preston, Merger, pp. 5 and 6; *Andrus* v. *Vreeland*, 29 N. J. Eq. 394; *Belknap* v. *Dennison*, 61 Vt. 520.

*W. B. Sheldon* for the defendant.

There was a merger. *Guernsey* v. *Kendall*, 55 Vt. 201; *Belknap* v. *Dennison*, 61 Vt. 520.

The answer does not admit but challenges the priority of the Houghton mortgage. The petitioner and his assignor knew of the fraud when they acquired their interests and equity demands that they should not be allowed to foreclose the defendant.

TAFT, J. The defendant Graves answered and incorporated in his answer a demurrer, assigning as special causes, want of parties and want of a proper allegation of an assignment of the mortgage to the petitioner.

The first three points in the brief of the defendant Graves are upon questions raised by the demurrer. The cause was

heard upon the petition and answer; the demurrer was not brought forward for hearing and therefore the questions arising under it were waived and will not be considered by this court. *Wade* v. *Pulsifer*, 54 Vt. 45; *McLane* v. *Johnson*, 59 Vt. 237; *Holt* v. *Daniels*, 61 Vt. 89.

The cause was heard upon petition and answer. There being no denial of the latter by way of replication, the facts therein set forth, if well pleaded, must be taken as true: *Doolittle* v. *Gookin*, 10 Vt. 265; and this is the rule although the answer is not responsive to the petition; *Slason* v. *Wright*, 14 Vt. 208; and although made by way of belief; *Gates* v. *Adams*, 24 Vt. 70; and if the facts so stated constitute a full defence, the bill must be dismissed. *Slason* v. *Wright*, 14 Vt. 208. The question then arises if the facts set forth in the answer constitute a full defence to the petitioner's claim.

The defendant Graves in his answer does not aver that the note held by the petitioner has been paid. He says that "whether said note is now justly due and owing and has not been paid according to the effect of the same, this defendant has not sufficient knowledge or information to form a belief so as to admit or deny the averment of the petition in this respect," but he avers that the effect of the transfer of the note and mortgage to Mary F. Dean, as stated in the petition, was a merger of the claim, and, in law and in equity, a payment and extinguishment of the debt, by a merger of the title under said mortgage in the superior title of said Mary F. and her husband W. R. He does not deny the transfer and assignment of the note and mortgage, but rather the legal effect of it. That is, he claims as matter of law, that upon the transfer of the debt and mortgage to Mary F. the same was extinguished,—she then being the wife of the mortgagor and having an inchoate right of homestead and dower in the premises. But this is not true as matter of law. A married woman may purchase or take the transfer of a debt secured by mortgage upon the real

estate of her husband and in which she may have inchoate rights, and hold the same against her husband, without a merger of the debt in any superior title of herself and husband.

The defendant further answers that there was no valid and bona fide assignment, sale and transfer of the note and mortgage by Mary F. Dean to her son John K. Dyer; he does not deny the assignment in form, but states that it was made without any good, valuable or sufficient consideration, and therefore void as to the defendant, and that such pretended assignment, etc., were made for the purpose of reviving said mortgage debt which had been paid and satisfied. It is the legal effect of the assignment which he challenges. This claim is not tenable. If Mary F. Dean held the mortgage and the note secured thereby, she had a right to transfer the same to the petitioner, and he could hold the same, even if it was a gift from his mother to him, and any person having a subsequent interest in the premises could not. defend by showing that the note and mortgage came to the petitioner by way of gift. There is nothing in the answer which constitutes a defence to the claim of the petitioner. The subsequent allegations with reference to the validity of the defendant's claim are not in question, and constitute no defence to the rights of the petitioner. They simply give the defendants a right to redeem. The decree of the chancellor was correct, and the same is

*Affirmed and cause remanded.*