HARRY D. HILL *v.* OSCAR LONGE AND LEON LONGE.

October Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed November 1, 1921.

*Sunday   Contract — Ratification — Estoppel—Foreclosure—De-
    fence—Independent Transactions—Errors in Favor of Ex-
    cepting party.*

1.  A Sunday contract, being unenforceable merely by reason of the
    day on which made, is capable of ratification, and is ratified
    by any act on a subsequent week day that fairly recognizes
    its existence.

2.  A mortgage and note executed on Sunday were ratified by giving
    renewal notes, and by the mortgagor recognizing the validity
    of the mortgage by making express provision for its payment
    as part consideration for the deed when he conveyed the
    mortgaged premises.

3.  A purchaser from the mortgagor, who took with notice of the mort-
    gage and promised to pay it as part consideration for the

deed, is estopped to deny its validity because executed on Sunday.

4.  The defendant in a foreclosure suit cannot avail himself, by way of cross bill, of credits growing out of dealings with the mortgagee entirely independent of the mortgage transaction.

5.  Where a decree was based on evidence contained in the plaintiff's account books, in which there were mistakes, but which were in favor of the defendant, the latter cannot complain of the decree.

APPEAL IN CHANCERY.  Petition to foreclose a mortgage. Heard on the pleadings and facts found by the Chancellor at the March Term, 1921.  Rutland County, *Wilson*, Chancellor.  Decree for the plaintiff.  The defendants appealed.  The opinion states the case.

*Wade Kayes* and *Lawrence F. Edgerton* for the defendants.

*M. C. Webber* for the plaintiff.

SLACK, J.    This is a suit to foreclose a real estate mortgage given to plaintiff by defendant Oscar.  Two questions are presented for review:  The validity of the mortgage, and the right of Oscar to demand an accounting in these proceedings, by way of cross bill, of certain business dealings between himself and plaintiff, wholly unconnected with the mortgage transaction.

It appears from the chancellor's findings that the mortgage bears date October 14, 1916, and was given to secure the payment of a negotiable promissory note of same date and any renewals thereof; that both mortgage and note were in fact made and executed Sunday, October 15, 1916, being antedated at the suggestion of the town clerk who acted as scrivener; that the mortgage was filed for record as of October 14, 1916; that Oscar renewed the note several times and finally by giving the note outstanding at the time these proceedings were commenced; that on March 14, 1919, Oscar conveyed the mortgaged premises by deed of warranty, duly executed and recorded, to defendant Leon; that by the terms of this deed, Leon, as part consideration thereof, agreed to pay any existing mortgages on the premises and save the grantor harmless from all claims of every description thereon ''as now appears by the town clerk's record of Mt.

Holly''; that this mortgage was expressly referred to and exempted from the operation of the covenants of warranty in said deed; that Oscar did nothing to ratify the mortgage unless the several renewals of the note had that effect; that by executing the renewal notes he ratified the ''original note transaction,'' and that the note in question is valid.

[1-3]    It is the settled law of this State that Sunday contracts, being unenforceable merely by reason of the day on which made, are capable of ratification; and that any act, on a subsequent week day, that fairly recognizes the existence of such contract, like a promise to perform, or pay the amount stipulated, or a part payment of same, etc., constitutes a ratification. *Flinn* v. *St. John,* 51 Vt. 334; *Corey* v. *Boynton,* 82 Vt. 257, 72 Atl. 987.   Not only did Oscar ratify the original transaction, including the mortgage, which was a mere incident of the debt, by giving the renewal notes, but when he conveyed the premises to Leon he recognized the validity of the mortgage by making express provision for its payment by Leon as part consideration for the deed.   Moreover, it does not appear that Oscar ever questioned the validity of the original transaction.   It is Leon who raises this question.   Whether the facts found show a ratification by him is not decided, but they clearly show that he is estopped from making this defence.   Having taken his deed knowing this mortgage rested upon the premises, and having promised as part consideration for the deed to pay the mortgage, he will not now be heard to question its validity.   As between him and the plaintiff the equities are with the latter.   In the circumstances, the fact that the mortgage was filed Sunday is of no importance.

[4]    During the hearing before the chancellor, Oscar had leave to, and did, file a cross bill wherein he alleged a balance his due from plaintiff on account of various business dealings between them subsequent to the date of the mortgage, and asked for an accounting of those matters.   The plaintiff excepted to the filing of the cross bill on the ground that the subject-matter thereof could not properly be considered and determined in these proceedings.   The findings indicate that a full hearing was had touching the transactions relied on in the cross bill.

Two of the credits claimed by Oscar were found to be, in effect, payments on the mortgage note, and were allowed as such. Three of the claimed credits were found to be ''purely matters of

book account," and, as we understand the findings, their disposition depends on Oscar's right to have the benefit of them under the cross bill. The cross bill does not allege, nor was it claimed in argument, that the dealings out of which the credits grew had anything to do with the mortgage transaction, or that it was agreed or understood that these credits should be applied on the mortgage indebtedness. Matters relied upon to support a cross bill must be germane to the matter involved in the original bill. *Slason* v. *Wright,* 14 Vt. 208; *Rutland* v. *Paige,* 24 Vt. 181; *Hathaway* v. *Hagan,* 64 Vt. 135, 24 Atl. 131; *Hyde Park Lumber Co.* v. *Hunt et al.,* 90 Vt. 435, 98 Atl. 907, Ann. Cas. 1918 E, 1183. And the defendant in a foreclosure suit cannot avail himself, by way of cross bill, of credits growing out of dealings with the mortgagee entirely independent of the mortgage transactions. *Killam* v. *Jenkins,* 25 Vt. 643. In *Hathaway* v. *Hagan, supra,* a foreclosure suit, defendant was permitted, by way of cross bill, to recover what he had paid more than the lawful debt in the nature of usury, but the Court said: "If the defendant's claim against the orator had consisted of an account or other demand not growing out of the orator's notes it could not have been considered by the master, but here the usury was in the notes," etc. If an agreement or understanding that such credits should be applied on the mortgage debt had been shown, they would have stood like any other payments, and the defendant would have been entitled to the benefit of them as such, but he cannot avail himself of them in the manner here attempted.

[5] It was found that the note of October 14, 1916, was given to settle the dealings between Oscar and plaintiff to that date, and that they had what plaintiff called "a full settlement of accounts," January 20, 1919; that both settlements were made from what appeared on plaintiff's books, Oscar being unable to read or write, and that the books were inaccurate. It appeared, too, that these books were used as the basis for the decree. It is urged that in the circumstances this was error and that the cross bill should have been sustained and a full accounting had. The trouble with this claim is that Oscar was given opportunity at the hearing to make such a showing as he was able to on any phase of the case, and while it was made to appear, from plaintiff's admissions and otherwise, that plaintiff's books were inaccurate, such inaccuracies seem to have been against, rather

than in favor of, the plaintiff. The chancellor says in the findings, ''The plaintiff cannot complain if his own computation is accepted. I am inclined to think that defendant Oscar Longe has no cause to complain.'' No reason for sustaining the cross bill appeared, and it was properly dismissed.

*Decree affirmed and cause remanded.*