## GRIFFIN *v.* GRIFFIN.

EQUITY PLEADING—CROSS-BILL—PARTIES.

A defendant in a bill for a partnership accounting may set up by way of cross-bill, after denying the partnership, a claim that, as a result of the dealings between the parties, a large amount is due him from complainant as trustee, where the transactions are the same as those referred to in the original bill, and may bring in complainant's wife as a defendant to the cross-bill, where she is in privity with the complainant.

Appeal from superior court of Grand Rapids; Burlingame, J. Submitted February 2, 1897. Decided March 10, 1897.

Bill by Michael F. Griffin against Thomas Griffin for a partnership accounting. Defendant filed a cross-bill, making Gertrude T. Griffin, complainant's wife, a party defendant. From an order overruling her demurrer to the cross-bill, Gertrude T. Griffin appeals. Affirmed.

*D. E. Corbitt*, for appellant.

*Wolcott & Ward*, for defendant.

HOOKER, J. The complainant filed a bill against Thomas Griffin for a partnership accounting, alleging that they entered into partnership without a special agreement to do so, but by a course of dealing. The defendant,

Thomas Griffin, answered, incorporating by way of cross-bill a detailed statement of his dealings with the complainant, and with his (complainant's) wife in connection therewith, which he alleges constituted them his trustees as to property therein mentioned. The wife, Gertrude, was brought in as a party defendant. Complainant answered the cross-bill, while his wife filed a general demurrer, which being overruled, she brings the question here; contending that the cross-bill should be limited to questions connected with the partnership alleged in the original bill, and that, inasmuch as the answer denies the existence of any partnership, it cannot consistently be claimed that the enforcement of a trust is in any way connected with the relief sought in the bill.

A cross-bill for relief must be strictly confined to the matters which are involved in the original bill, and is filed to enable the defendant in the original bill to fully avail himself of some defense by making his redress complete through the granting of affirmative relief, which could not be done under the original bill and answer. *Andrews* v. *Kibbee*, 12 Mich. 94. In his original bill the complainant alleges a partnership involving many transactions, but these are not set out in detail, nor specifically designated. It prays an accounting. The defendant, after answering and denying the partnership, filed a cross-bill, admitting that the parties had dealings, and claiming that as a result there was a large amount due him, as *cestui que trust*, from the complainant, and praying for an accounting and affirmative relief. It also alleges that the dealings and transactions are the same that are referred to in the original bill.

As between the original parties, it would seem proper to file this cross-bill. The nature of the dealings, and the circumstances under which they occurred, must be examined to determine the question of partnership; and if it be found that they establish a trust relation, instead of a partnership, there seems no good reason why the defendant should not have a decree enforcing the trust. This would entitle

him to an accounting upon the theory of a trust, instead
of being required to account as a partner.   The facts are
germane to the matter involved in the original bill, and,
if the allegations of the answer are true, as we must
assume, are such facts as the court should have before it
in deciding the questions raised in the original suit, and in
such cases cross-bills may stand.   5 Enc. Pl. & Prac. 640,
641.   The complainant appears to recognize the propriety
of filing a cross-bill, by answering the same, and the case
is here upon the demurrer of Gertrude Griffin alone,
who was not made a party by the original bill.

It may be doubted if the practice of bringing in new par-
ties by a cross-bill is not an innovation.   The origin and
purpose of cross-bills indicate it, and until a comparatively
recent date the practice was not usual, if it was permitted
under any circumstances.   Mitford, Cooper, and other
early writers, are silent upon the subject, except as they im-
ply that it is not permissible by stating that the cross-bill is
designed to afford *complete relief to the parties to the
original bill.*   Most of the text writers pass without
mention the subject of bringing in new parties by cross-
bill.   In the case of *Shields* v. *Barrow*, 17 How. 130,
Mr. Justice Curtis said:

"A cross-bill, *ex vi terminorum*, implies a bill brought
by a defendant against the *plaintiff in the same suit*, or
*against other defendants in the same suit*, or against
both, touching the matters in question in the original
bill,"—citing Story, Eq. Pl. § 389; 2 Daniell, Ch. Pl. &
Prac. 1548.

Continuing, the distinguished jurist said:

"New parties cannot be introduced into a cause by
a cross-bill.   If the plaintiff desires to make new parties,
he amends his bill and makes them.   If the interest
of the defendant requires their presence, he takes the
objection of nonjoinder, and the complainant is forced
to amend, or his bill is dismissed.   And the rule that
a general demurrer will not lie to a cross-bill, and the
reason given for it, viz., ' that, as the defendant is drawn
into court by the complainant in the original bill, he may

avail himself of the assistance of the court without being obliged to show a ground of equity to support its jurisdiction,' are sufficient, for it is manifest that this cannot be said of one who is brought into court by the cross-bill."

The views of Mr. Justice Curtis have been criticised in several cases, and upheld in others. The following are a few of them: *Brandon Manfg. Co.* v. *Prime*, 14 Blatchf. 371; *Jones* v. *Smith*, 14 Ill. 229; *Allen* v. *Tritch*, 5 Colo. 222; *Wright* v. *Frank*, 61 Miss. 32. Of these, many will be found where the new party was apparently brought in without objection, and therefore the question was not discussed; others are based upon the provisions of a code or statute; and, of the remainder, some, at least, will be found that imply that the courts deciding them recognized that they were on doubtful ground. Thus, in *Jones* v. *Smith*, 14 Ill. 229, the court, in sustaining the practice, says that—

"Were a precedent wanted, we are prepared to furnish it. But counsel have referred us to *Blodgett* v. *Hobart*, 18 Vt. 414, where a new party was brought in by a cross-bill; and, if the court did not examine the question and expressly affirm the practice, it was because counsel did not raise the objection."

But, considering the more recent cases, reinforced by statutes and codes, the trend is towards the practice; and the statement that "the undoubted weight of authority is to the effect that if a cross-bill is brought for relief as well as for defense, and shows that persons not parties to the original bill are necessary parties to the cross-bill, they may properly be made such," is probably true. 5 Enc. Pl. & Prac. 648; Story, Eq. Pl. § 399, and note; 2 Daniell, Ch. Pl. & Prac. 1549, and note.

As we have seen, the complainant asks an accounting upon certain transactions. The defendant asks the same, and the fact, if true, as he alleges, that the transactions created a trust, which would, if proved, be a perfect defense to the bill, and therefore proper to be

shown, justifies a cross-bill, with a view to affirmative relief; and if Gertrude T. Griffin is in privity with the complainant, and allegations of the cross-bill relate to the identical matters upon which the original bill is based, as they purport to do, and not to transactions between' herself and the complainant in the cross-bill alone, it is probable that a court of equity may find these facts germane and decree relief. At all events, we are not able to say that they are not so.

The decree of the circuit court in chancery is affirmed, with costs, and the record remanded, with leave to Gertrude T. Griffin to file an answer to the cross-bill within 20 days after the decree of this court shall be filed.

The other Justices concurred.