GRIFFIN *v.* GRIFFIN.

EQUITY PRACTICE—DISMISSAL OF BILL—CROSS-BILL.
    Where a cross-bill sets up additional facts relating to the subject-matter of the original bill, and asks affirmative relief upon them, the dismissal of the original bill will not carry with it the cross-bill.

Appeal from superior court of Grand Rapids; Burlingame, J. Submitted October 7, 1898. Decided November 1, 1898.

Bill by Michael F. Griffin against Thomas Griffin for a partnership accounting. Defendant filed a cross-bill, impleading Gertrude T. Griffin. From a decree for defendant upon the cross-bill, Gertrude T. Griffin appeals. Affirmed.

*D. E. Corbitt* (*Ray & Cordill,* of counsel), for appellant.

*Wolcott & Ward,* for defendant.

HOOKER, J. The bill in this cause alleged a partner-

ship and prayed an accounting between Michael F. Griffin and the defendant, Thomas Griffin. The latter filed an answer, denying the partnership, and alleging that the transactions set forth in the bill created a trust in his favor, and that complainant's wife, Gertrude Griffin, was so connected therewith as to make her a necessary party, and she was brought in. Her demurrer to the cross-bill was before us in the case of *Griffin* v. *Griffin*, 112 Mich. 87, and was overruled. She afterwards answered, as the complainant had previously done. Upon the hearing the complainant voluntarily caused his bill to be dismissed, and defendant Gertrude Griffin claimed that the cross-bill should fall with it; but the trial court held otherwise, and proceeded to hear the case. A decree was rendered in favor of the complainant in the cross-bill, Thomas Griffin. Gertrude Griffin has appealed.

Most of the questions of law applicable to this case were disposed of upon the former hearing. The claim that the dismissal of the original bill carried with it the cross-bill cannot be sustained, as that rule does not apply to cases where the cross-bill sets up additional facts relating to the subject-matter of the original bill, and asks affirmative relief upon them. See *City of Detroit* v. *Detroit City R. Co.*, 55 Fed. 569; 5 Enc. Pl. & Prac. 663, and note. *McGuire* v. *Van Buren Circuit Judge*, 69 Mich. 593, impliedly recognizes this rule.

The testimony shows that M. F. Griffin was a lawyer, and that his brother, Thomas, came to reside with him, and engaged in business upon his own account, loaning money and dealing in real estate. Gertrude Griffin, the wife of M. F. Griffin, inherited some property, of which her husband appears to have had a general management as her agent, and the business affairs of the two brothers and Gertrude became involved. Finally, M. F. Griffin transferred the property that was in his name, or the most of it, to his wife, and she began an action in attachment against Thomas, and M. F. Griffin filed the original bill in this cause, alleging that he and Thomas were copartners.

The circuit judge found that no partnership relation existed, and that Gertrude Griffin held property justly belonging to Thomas, and upon an accounting made a decree for a balance in favor of Thomas. The case involves a number of items and complicated transactions, which need not be discussed at length, as we think that the decree of the superior court was as favorable to the defendant Gertrude Griffin as she should expect, and the other parties have not appealed.

The decree will therefore be affirmed, with costs.

MONTGOMERY, MOORE, and LONG, JJ., concurred. GRANT, C. J., did not sit.