HENRY W. DOREMUS et al.

*v.*

THE MAYOR AND ALDERMEN OF THE CITY OF PATERSON et al.

[Decided October 30th, 1905.]

1. A cross-bill is one brought by the defendant against the complainant (and other parties, if necessary) in another suit touching the same matter, either to obtain discovery of facts in aid of the defence to the original bill, or to obtain full relief to all parties touching the matter of the original bill.

2. Only such new facts are properly pleaded in a cross-bill as are necessary for the court to have before it in deciding the question raised in the original suit, and to enable the court to do complete justice to all the parties in respect to the cause of action pleaded in the bill.

3. Where an original bill was filed against a city to restrain a nuisance consisting of the pollution of a river, a cross-bill filed by the city, in which it admitted the nuisance, but averred that a certain water company had unlawfully diverted for the benefit of another city water which would otherwise have flowed past defendant city and helped to dilute its sewage, and that another water company had constructed a dam across the river below defendant city, which prevented the passage of sewage down the stream, is fatally defective, as pleading matters not germane to the original bill.

4. Such cross-bill, seeking to make the water companies parties defendant, is demurrable for multifariousness.

5. The cross-bill is also demurrable for misjoinder of parties.

6. In a suit to restrain a city from polluting a water course, it is no defence that the acts of certain others contributed to cause the nuisance complained of, there being no contribution between independent wrongdoers.

· 7. Where, in a suit to restrain the further pollution of a water course by a city. complainants stated their damages calculated on the basis of the injuries being permanent, and defendant admitted the nuisance, its answer failed to state whether the taking of complainants' property rights is to be perpetual or only temporary, and, if the latter, for what time the taking is to continue, is fatally defective.

*Mr. Sherrerd Depue,* for the complainant.

*Mr. George S. Hilton,* for the defendant.

STEVENS, V. C.

This is an application to strike out a cross-bill under rule 213.

A cross-bill is a bill brought by the defendant against the plaintiff (and, if necessary, other parties) in another suit touching the *same* matter. *Dan. Ch. Pr.* (*6th Am. ed.*) *1548.* It is brought either (1) to obtain a discovery of facts in aid of the defence to the original bill, or (2) "to obtain full relief to all parties *touching the matters of the original bill."* *Story Eq. Pl.* § *389.* "It should not introduce new and distinct matters not embraced in the original bill, as they cannot be properly examined in that suit, but constitute the subject-matter of an original independent suit. The cross-bill is auxiliary to the proceeding in the original suit and a dependency upon it. * * * If its purpose be different from this, it is not a cross-bill, though it may have a connection with the said general subject." *Stonemetz Printers Co.* v. *Brown & Co., 46 Fed. Rep. 851.*

"The new facts which it is proper for a defendant to introduce into a pending litigation by means of a cross-bill are such, and such only, as it is necessary for the court to have before it in deciding the questions raised in the original suit, to enable it to do full and complete justice to all the parties before it in respect to the cause of action on which complainant rests his right to aid or relief. If a defendant, in filing a cross-bill, attempts to go beyond this, and to introduce new and distinct matter not essential to the proper determination of the matter put in litigation by the original bill, although he may show a perfect case against either the complainant or one or more of his co-defendants, his pleading will not be a cross-bill, but an original bill." *Krueger* v. *Ferry, 41 N. J. Eq.* (*14 Stew.*) *436; 43 N. J. Eq.* (*16 Stew.*) *295.*

Judged by these rules, the cross-bill filed in the present case cannot be sustained. The original bill is, in the language of the court of errors and appeals (*Doremus* v. *Paterson, 69 N. J. Eq.* *775*), "a bill to restrain the further pollution of the river," but "it tenders to the city the opportunity of avoiding the issuance of the writ by making compensation to the complainant for the injury which will accrue to their property by the continued dis-

· charge of sewage into the stream." It is, in other words, an injunction bill to restrain a nuisance. The cross-bill admits the nuisance, but it avers (1) that the East Jersey Water Company has unlawfully diverted, for the benefit of the city of Newark, water which would otherwise have flowed past Paterson and helped to dilute its sewage; (2) that the Dundee Water Company has constructed a dam across the Passaic river below Paterson, and has by so doing formed the Dundee lake, with the effect of rendering its current more sluggish and so retarding or preventing the passage of the sewage down the stream. It seeks, on the authority of *Green* v. *Stone, 54 N. J. Eq.* (*9 Dick.*) *387*, to make the East Jersey Water Company, the city of Newark and the Dundee company parties. The attempt is based upon a misconception of the rule in that case. Its effect would be to involve the complainants in three distinct controversies with which they have absolutely no concern: *First.* Whether, as against Paterson, the East Jersey Water Company may take the upper waters of the Passaic for the purpose of supplying the inhabitants of Essex and Hudson counties with pure water. *Second.* Whether, as against Paterson, Newark is illegally appropriating the waters of the Pequannock. *Third.* Whether, as against Paterson, the Dundee dam is an illegal structure. Not only would the cross-bill, if sustained, compel the complainant to litigate these distinct questions in one suit, but it would involve the city of Newark in a controversy over the Dundee dam—a question with which it has no concern, and it would involve the Dundee company in a controversy respecting the use by Newark of the waters of the Pequannock—a question utterly distinct from the question whether the dam is a lawful structure. If Paterson had filed an original bill against these parties, it would have been demurrable on the ground of multifariousness and misjoinder. This cross-bill, original certainly as to the new parties brought in, is equally so. It would, if permitted to stand, subject complainants to an interminable litigation over questions with which they have no concern, and would amount to a practical denial of justice. If proved, it would be no answer to the charge of nuisance. The defence, if such it can be called,

would seem also to be obnoxious to the well-settled rule that as between independent wrongdoers there is no contribution.

I think that the bill should be stricken out.

The city of Paterson has, with its cross-bill, filed an answer, and the complainants apply to strike out portions of it for insufficiency. I understand that the first objection, viz., that the defendant does not elect whether it will submit to an injunction or make compensation, is admitted to be well taken, and that the answer will be amended in that particular.

The second objection is that the answer does not declare whether the taking of the defendants' property rights is to be perpetual or only temporary, and the third objection is that if the answer is to be construed as declaring that the taking is to be temporary, then it does not declare for what period of time the taking is to continue.

I think these objections are valid. The complainants, in their bill, state their damages, "calculated upon the basis of said injuries being permanent." This statement necessitates a counter-statement by Paterson of whether it intends for an indefinite time in the future to pollute the waters of the Passaic, or whether it intends to stop polluting them within a definite period. If it intends to stop, it should so aver, and it should designate a time beyond which the pollution will cease. Thus only can the complainants' damages be definitely ascertained, if the injury is to be computed on this basis. It is self-evident that if the nuisance is to come to an end in five or ten years, the damages given will be less than they would be if the nuisance is to last for fifty or a hundred years. Only by naming a definite time is it possible to compute them on any other theory than that of a permanent injury, and it is only fair to complainants that they should be informed before trial what Paterson's position is on this very important question.

The last objection is too indefinite to merit attention. *Leslie v. Leslie,* 50 N. J. Eq. (5 Dick.) 155; *Doane & Jones Lumber Co.* v. *Essex Building and Land Co.,* 59 N. J. Eq. (14 Dick.) 142.