HYDE PARK LUMBER COMPANY *v.* B. A. HUNT, NETTIE B. HUNT, BERTIE HUNT SHELDON AND JOHN SHELDON.

May Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed October 10, 1916.

*Bill in Equity—Dismissal on Plaintiff's Motion—Cross Bill— When Cross Bill Falls with Original Bill.*

The court of chancery will dismiss as of course a bill of complaint with costs on plaintiff's motion, as for want of prosecution, unless something has been done in the case which entitles the defendant, on equitable grounds, to have the suit finally determined on its merits, in which case the court may, in its discretion, deny the motion to dismiss at defendant's request.

Where circumstances do not make it inequitable for the plaintiff to dismiss his suit without determination on its merits, a cross bill which is strictly defensive and not filed to obtain affirmative relief, must fall with the original bill.

A cross bill filed to secure affirmative relief, and germane to the original bill, is, so far as the affirmative relief sought, a separate and distinct suit, and a dismissal of the original bill, on plaintiff's motion, does not carry the cross bill with it.

APPEAL IN CHANCERY. The original bill was brought to remove certain alleged clouds upon the plaintiff's title. The defendants filed demurrers and motions to dismiss, which were overruled, with leave to answer. Thereafter the defendants filed their answers, and incorporated therein cross bills, praying for affirmative relief. No answers were filed to the cross bills. The case was heard on plaintiff's motion to dismiss the original bill at the June Term, 1911, Lamoille County, *Miles,* Chancellor. Decree dismissing the bill with costs to the defendants. The defendant Nettie B. Hunt appealed. The opinion states the case.

*J. W. Redmond* and *R. W. Hulburd* for the orator.

The motion to dismiss the bill with costs to the defendants was addressed to the discretion of the court, and its action thereon is not reviewable. *Davenport* v. *Newton,* 71 Vt. at p. 23; *Squires* v. *Burgess,* 31 Vt. 467; *McCabe* v. *Southern Ry. Co.,* 107 Fed. 214; *Ebner* v. *Zimmerly,* 118 Fed. 818; *Gilmore* v. *Bort,* 134 Fed. 658; 6 Ency. Pl. & Pr. 833, 836, 847.

The dismissal of the original bill carried with it the cross bill, which was a mere auxiliary to, and dependency on, the original bill. *Hathaway* v. *Hogan,* 64 Vt. at p. 142; *Slason* v. *Wright,* 14 Vt. 208; *Abels* v. *Planters, etc., Ins. Co.,* 92 Ala. 382; *Johnamsen* v. *Traver,* 74 Ga. 402; *Loomis* v. *Freer,* 4 Ill. App. 547; *Elderkin* v. *Fitch,* 2 Ind. 90; *McGuir* v. *Judge,* 69 Mich. 593; *Gilmer* v. *Felhour,* 45 Miss. 627; *Lowenstein* v. *Hooper,* 71 Miss. 310; *Piedmont, etc., Ins. Co.* v. *Maury,* 75 Va. 508; *Gilmore* v. *Bort,* 134 Fed. 658, 661.

It is well settled that, where it appears that the original bill is without equity, the cross bill should be dismissed. *Carroll* v. *Richardson,* 87 Ala. 694, 60 Am. Dec. 540, 16 Cyc. 284 and cas. cit.

*B. A. Hunt* for the defendant.

Since the cross bill asks for affirmative relief, the dismissal of the original bill does not carry the cross bill with it. *Wilkinson* v. *Roper,* 74 Ala. 140; *Price* v. *Stratton,* 33 So. 644; *Ray* v. *Home Co.,* 106 Ga. 492, 32 S. E. 683; *Ryan* v. *Fulghum,* 96 La. 239, 22 S. E. 940; *Ralls* v. *Ralls,* 82 Ill. 215; *McConnell* v. *Smith,* 23 Ill. 611; *French* v. *Savings Inst.,* 67 Ill. App. 179; *Crapo* v. *Clow,* 81 Ia. 255, 47 N. W. 59; *Wilson* v. *Bodley,* 2 Litt. (Ky.) 55; *Griffin* v. *Griffin,* 118 Mich. 446, 76 N. W. 974; *Nation Docks Co.* v. *Pa. R. R. Co.,* 52 N. J. Eq. 555, 30 Atl. 580; *Corgan* v. *McCannon,* 50 N. J. Eq. 611, 25 Atl. 330; *Wetmore* v. *Fiske,* 15 R. I. 354, 10 Atl. 627; *Rayland* v. *Broudreax,* 29 Gratt. (Va.) 401; *Small* v. *Peters,* 104 Fed. 101; *Jackson* v. *Simmons,* 98 Fed. 768, 39 C. C. A. 314; *San Diego Co.* v. *Southern,* 90 Fed. 164, 32 C. C. A. 548; *Jessup* v. *Ill. Cent. R. R. Co.,* 43 Fed. 483; *Markell* v. *Karson,* 31 Fed. 104; *Barnard* v. *Hartford R. R. Co.,* 2 Fed. Cas. 1003; *Abel* v. *Planters Ins. Co.,* 92 Ala. 362, 9 So. 425; *Wenell* v. *Wade,* 17 Ia. 96; *Sharp* v. *Pike,* 5 R. Mon. (Ky.)

155; *Dawson* v. *Amey*, 40 N. J. Eq. 494, 4 Atl. 442; *Detroit* v. *R. R. Co.*, 55 Fed. 569; *Pullman Pal. Car Co.* v. *Trans. Co.*, 49 Fed. 261; *Callahan* v. *Mercantile Trust Co.*, 188 Mass. 393; *Holgate* v. *Ealon*, 116 U. S. 33; *Slason* v. *Wright*, 14 Vt. 208, 66 Miss. 522, 17 Iowa 96, 13 Stew. 494, Story Eq., §399, Daniels Chancery, 5th ed., 1553, note 3.

TAYLOR, J.   This case is here on the appeal of defendant Nettie B. Hunt from a decree dismissing the bill with costs to defendants.   The original bill is a bill to remove a cloud from the title of certain premises claimed by plaintiff by foreclosure of two mortages, one executed by defendant Hunt and his wife, Nettie B. Hunt, covering their homestead, and the other executed by Hunt alone.   It is alleged that the petition to foreclose the former mortgage was brought to the December Term, 1907, of the court of chancery for Lamoille County and that the decree therein became absolute January 1, 1909; that the petition to foreclose the latter mortgage was brought to the June Term, 1908, of said court; that the decree therein, made December 1, 1909, limited the time of redemption to December 1, 1910; that plaintiff had taken possession as owner in *fee simple* of all of said premises except the homestead which was suffered to be occupied by the said Nettie B.   The bill was filed August 16, 1910.

Among the grievances complained of, plaintiff alleges that B. A. Hunt, for the purpose of embarrassing plaintiff and casting a doubt upon its title to the premises, by a deed of warranty without consideration and purporting to be dated August 14, 1907, conveyed the premises in question, except the homestead, to his daughter, the defendant Bertie A. Hunt-Sheldon; that said deed was not recorded until July 16, 1909; that plaintiff was ignorant of the existence of said deed until after it was recorded; that defendant Hunt has sought to embarrass plaintiff by publicly announcing that its title to the premises was not valid, that service of process had not been properly made and that it was unsafe for anyone to purchase the property because of the defect in title; and that said Hunt and Bertie Hunt-Sheldon threaten to make other conveyances of the premises, and to bring suit against any purchaser of the premises from plaintiff or any person entering thereon under authority of the

plaintiff and also to institute proceedings against the plaintiff in relation thereto.

Plaintiff was granted an injunction restraining defendants from interfering with its possession of the premises and from conveying or incumbering the same, and also from instituting any proceeding against it, at law or in equity, touching the subject matter of the bill, or the property described therein, until further order.

The case was first heard on defendant's several demurrers and motions to dismiss the bill, which were overruled with leave to defendants to answer. On February 16, 1911, defendants filed several answers. It will be sufficient for present purposes to consider that of the appellant. She admits that Hunt has announced that plaintiff's title to the property was invalid as against her, giving as a reason that service was not made on the necessary parties in the foreclosure proceedings, and that it was unsafe for anyone to purchase the property of the plaintiff because of the uncertainty of its title. She asserts that Hunt had a lawful right to do this, as the plaintiff has not valid title as against her. She admits the conveyance by Hunt to Bertie A. Hunt-Sheldon but denies that it was made to embarrass plaintiff or that it was without consideration. She alleges that in consideration of the conveyance the said Bertie A. agreed to pay Hunt's indebtedness secured by incumbrances on the property, and that the said Bertie A. went into immediate possession of the premises and remained in open and notorious possession until she conveyed the same to the defendant on the 7th day of September, 1908. She further alleges that on said last named date said Bertie A. conveyed to her all the property covered by Hunt's prior conveyance; that she immediately went into and has retained possession of all of said property except certain specified portions which plaintiff, against her protest has occupied as mortgagee; that as to the Newton farm described in plaintiff's bill, situated in the town of Eden, Vt., one Shatney held title of record and was in open possession from August 29, 1905, to August 21, 1909, when he conveyed the same to defendant, who the same day caused her deed to be recorded in the land records of said town and went into and has retained possession thereof hitherto.

Defendant denies that knowledge of the deed from Hunt to Bertie A. was concealed from plaintiff and alleges that plaintiff

became informed thereof.  She denies any intention on the part of the defendants to hinder or embarrass the plaintiff in its rights, but alleges that they intend to litigate their rights if necessary to obtain the property by redemption.  By way of cross bill against the plaintiff incorporated in the answer as provided by chancery rule 27, defendant alleges title in herself to the premises, that she is in possession of part thereof, that plaintiff is in possession of other portions of the premises receiving the rents and profits, that plaintiff has removed therefrom a large amount of valuable timber and committed waste by stripping the premises of a large amount of small timber, that plaintiff has damaged the machinery in the mill on the premises by negligent use thereof, and that she has demanded an accounting which has been refused.  She prays for an accounting and for an opportunity to redeem and offers to pay what shall thereupon appear to remain due on said mortgages.

On plaintiff's application time to answer the cross bill was extended to May 1, 1911; but no answer thereto was filed.  At the June Term, 1911, plaintiff moved to dismiss its bill with costs, which was resisted by defendants.  On hearing the chancellor held that plaintiff had the right to dismiss its bill as a matter of course, and accordingly dismissed the bill with costs.

We know of no reported case in this State touching the right of a plaintiff in chancery to have his bill dismissed when defendant has filed a cross bill.  The general rule seems to be that the court will dismiss his bill with costs on plaintiff's motion, as for want of prosecution, unless something has been done in the case which entitles the defendant, on equitable grounds, to have the cause finally disposed of on the merits.  If there has been a decree or other proceeding whereby the defendant's position has been changed and he has acquired rights which did not exist, or which had not been determined when the suit was brought, and which render it equitable that these rights should be fully secured by further proceedings in the case, the court, at defendant's request, will retain the cause for a decision on the merits.  The action to be taken depends upon whether anything has been done by the court or the parties which has changed the position in which the parties were when the suit was begun.  Something more than the incidental annoyance of a second suit for the same cause is required to prevent the decree allowing a dismissal on payment of defendant's costs.  The plaintiff is

allowed to dismiss his bill on the assumption that it leaves the defendant where he stood if the suit had not been instituted, and there must be some manifest legal prejudice to the defendant's rights to warrant a denial of the motion to discontinue. If the defendant has acquired some right which might be lost or rendered less efficient by the discontinuance, then the court, in the exercise of a sound discretion, may deny the application. *Hollingsworth & Vose Co.* v. *Foxborough, etc., Dist.,* 171 Mass. 450, 50 N. E. 1037; *Worcester* v. *Lakeside Mfg. Co.,* 174 Mass. 299, 54 N. E. 833; *McQuesten* v. *Commonwealth,* 198 Mass. 172, 83 N. E. 1037; *Kyle et al.* v. *Reynolds et al.,* 211 Mass. 110, 97 N. E. 614, and cases there cited; *Chicago & A. R. R. Co.* v. *Union Rolling Mills Co.,* 109 U. S. 702, 27 L. ed. 1081, 3 Sup. Ct. 594; *Pullman Palace Car Co.* v. *Central Trans. Co.,* 171 U. S. 138, 43 L. ed. 108; *Couner* v. *Drake,* 1 Ohio St. 170; *Cooper* v. *Lewis,* 2 Phill. Ch. 181; *Bates* v. *Skidmore,* 170 Ill. 233, 48 N. E. 962.

It was held in the case last cited that a refusal to dismiss a bill without prejudice at the cost of complainant on his motion before proof had been introduced and where it was not made manifest that the defendant was entitled to a decree, was an abuse of discretion and error. It is clear from the authorities that the right of the plaintiff to take a voluntary dismissal as of course is the general rule with the exception that the court may refuse the permission, if the dismissal would work prejudice to the defendant. See 1 Beach Mod. Eq. Pr. §450. It is equally clear that the general rule is the same when a cross bill has been filed. Then as before defendant's right to insist that the original bill be retained depends upon circumstances which make it inequitable for plaintiff to discontinue his suit without hearing on the merits. This is so notwithstanding the fact that where the cross bill is strictly defensive to the original bill, and not filed to secure affirmative relief, it must fall with the original bill, as held in *Slason* v. *Wright et al.,* 14 Vt. 208. Where a defendant is merely defending he cannot ordinarily insist that plaintiff shall remain in court in order that he may make a defence. *Thomas* v. *Thomas,* 250 Ill. 354, 95 N. E. 345, 35 L. R. A. (N. S.) 1158, Ann. Cas. 1912 B, 344.

But a different situation is presented when the cross bill is filed to secure affirmative relief. Then the cross bill is in the nature of an original bill asking aid of the court beyond mere defence in matters within equitable jurisdiction. While such a

bill must be germane to the subject-matter of the original bill and is in a sense an auxiliary suit, it is more than a mere dependency upon the original bill. If the defendant would have standing to file an original bill for the same cause, such a cross bill, so far as the affirmative relief sought, stands as a separate and distinct suit commenced by the filing of the cross bill. *Thomas* v. *Thomas, supra; New York, etc., Water Co.* v. *Borough of North Arlington* (N. J. Eq.) 75 Atl. 177; *Somerville Water Co.* v. *Borough of Somerville,* 78 N. J. Eq. 199, 78 Atl. 793. It is held in most jurisdictions that the filing of such a cross bill does not prevent the plaintiff from procuring the dismissal of his suit; but that in such case the dismissal of the orginal bill does not carry the cross bill with it. 1 Whitehouse Eq. Pr. 546; 2 Dan. Ch. Pr. (5th ed.) 1553, note 3; Story's Eq. Pl. (10th ed.) 373, note, and cases cited; 10 R. C. L. 527; 5 Ency. Pl. & Pr. 663; 5 Standard Ency. of Pr. 292; *Thomas* v. *Thomas. supra; New York, etc., Water Co.* v. *Borough of North Arlington, supra; Bell* v. *McLaughlin,* 183 Ala. 548, 62 South. 798; *Ballard* v. *Kennedy,* 34 Fla. 483, 16 South. 327; *Griffin* v. *Griffin,* 118 Mich. 446, 76 N. W. 974; *Ragland* v. *Broadnax,* 29 Grat. (Va.) 401; *Dawson* v. *Amey,* 40 N. J. Eq. 494, 4 Atl. 442; *Wetmore* v. *Fiske,* 15 R. I. 354, 5 Atl. 375, 10 Atl. 627, 629; *Pethtel* v. *Mc-Cullough* 49 W. Va. 520, 39 S. E. 199; *Ladner* v. *Ogden,* 31 Miss. 332; *Lowenstein* v. *Glidewill,* 5 Dillon 325. If the cross bill exhibits a matter within equitable jurisdiction, it is unaffected by the dismissal of the bill and remains for disposition in the same manner as if it had been filed as an original bill. *Wetmore* v. *Fiske, supra;* Story's Eq. Pl. 374, note.

The distinction between cross bills that are merely defensive and those that seek affirmative relief is important, and their relative standing is better understood if note is taken of the fact that the latter usually introduces new facts and issues germane to the subject-matter of the original bill but not disclosed therein; and that even new parties may be brought in thereby. See note 20 Ann. Cas. 1151; *Sears* v. *Scranton Tr. Co.,* 228 Pa. St. 126, 77 Atl. 423, 20 Ann. Cas. 1145; *Brandon Mfg. Co.* v. *Prime,* Fed. Cas. No. 1, 810; *Hurd* v. *Case,* 32 Ill. 45, 83 Am. Dec. 249; *Doremus* v. *Patterson,* 70 N. J. Eq. 296, 62 Atl. 3; *Griffin* v. *Griffin,* 112 Mich. 87, 70 N. W. 423. The practice of retaining such a cross bill when the original bill is dismissed on plaintiff's motion is entirely logical and fully preserves the rights of the

parties. The plaintiff is permitted to discontinue that branch of the case over which he has control, except in cases where it would be inequitable for him to take a voluntary dismissal; and the defendant is at liberty to proceed on his cross bill for the relief therein sought, if so advised. It is in substantial accord with the previous holdings of this·Court. The distinction between cross bills that are merely defensive and those that seek affirmative relief is recognized in *Slason* v. *Wright et al.*, 14 Vt. 208, in which it was held that where a cross bill is not made the ground of any distinct claim, it falls with the original bill when dismissed. In *Hathaway* v. *Hagan*, 64 Vt. 135, 24 Atl. 131, foreclosure suit, there was a cross bill filed after the master had found a balance due defendant on account of usurious payments on the mortgage notes. In his answer to the cross bill plaintiff admitted nothing due on the mortgage and insisted there should be a decree dismissing the petition. This Court held that the orator in the cross bill was entitled to recover the sum found his due but did not discuss the question presented here, further than to quote from *Rutland* v. *Paige*, 24 Vt. 181, where the question was not raised, to the effect that a cross bill, in our practice, is considered as a mere dependency upon the principal bill. The fault with this statement is the failure to take into account the two classes of cross bills noticed above.

The decisions in Illinois are affected by a statute providing that the plaintiff cannot dismiss his bill, after a cross bill has been filed, without defendant's consent. Notwithstanding the statute it is there held in *Thomas* v. *Thomas, supra*, that there was no objection to plaintiff's taking a voluntary dismissal when the cross bill does not seek affirmative relief, thus making the distinction now generally recognized.

The cross bill involved here seeks affirmative relief and no question is made but that it is proper matter for a cross bill. Standing thus the dismissal of the original bill did not carry with it the cross bill, which still remains to be disposed of. The record does not disclose any legal prejudice to defendant's rights liable·to result from the dismissal of the bill, and so the court did not commit reversible error in dismissing it as of course. The decretal order makes no reference to the cross bill. The parties

have evidently mistaken its effect by treating the cross bill as falling with the original bill.

*Decree affirmed and cause remanded.*

POWERS, J., having been of counsel, did not sit.